AO 91 (Rev. 5/85) Criminal Complaint

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

JARVIS JACKSON

## CRIMINAL COMPLAINT

CASE NUMBER: 07-8148-LRJ

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about April 13, 2007 in Palm Beach county, in the Southern District of Florida defendant(s) did, (Track Statutory Language of Offense)

knowingly possess in and affecting interstate commerce a firearm after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year

in violation of Title 18 United States Code, Section(s) 922(g)(1)

I further state that I am a(n) Special Agent, ATF and that this complaint is based on the following
Official Title
facts:

PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☑ Yes ☐ No

_____
Signature of Complainant
Hugh O'Connor, Special Agent
Bureau of Alcohol, Tobacco, Firearms,
and Explosives (ATF)

Sworn to before me and subscribed in my presence,

at Stuart, Florida,
City and State

April 14, 2007
Date

LINNEA R. JOHNSON, U.S. MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

This form was electronically produced by Elite Federal Forms, Inc.

## Affidavit

I, Hugh O'Connor, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives, being duly sworn, depose and state the following:

(1)     I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since April 1999. I have received specialized training regarding the investigation and enforcement of Federal Firearms violations and have conducted investigations regarding individuals involved in illegal firearms activities to include possession of a firearm by a convicted felon.

(2)     This affidavit is based upon my own knowledge, law enforcement data bases, as well as information provided to me by other law enforcement officers. This affidavit is being submitted in support of the arrest of Jarvis Jackson, a previously convicted felon. Because this affidavit is being submitted for the limited purpose of establishing probable cause for an arrest, it does not contain each and every detail about this investigation of which I am aware.

(3)     On April 13, 2007, members of the Palm Beach County Sheriff's Office (PBSO) conducted surveillance in the area of 4930 Haverhill Common Circle, Apartment 11 in an attempt to locate Jarvis Jackson, who had an outstanding warrant for his arrest. This Apartment Complex is located in Palm Beach County, within the Southern District of Florida.

(4)     While conducting surveillance, Jarvis Jackson was observed exiting and reentering Apartment 11. At one point, Jarvis Jackson, who was holding a set of keys, approached a Chevrolet Monte Carlo parked in parking lot in the area of Apartment 11. At this time, law enforcement began to approach this area. Agent Keith Viti, who was inside an unmarked police vehicle, parked his vehicle near the Chevrolet Monte Carlo and observed Jarvis Jackson standing in the open driver's side doorway of the Chevrolet Monte Carlo. Jarvis Jackson attempted to flee

on foot, but was apprehended a short distance away. Jarvis Jackson was searched incident to arrest. Law enforcement recovered a set of keys, which included a key to the Chevrolet Monte Carlo.

(5) Charnika Johnson, who is the registered owner of the Chevrolet Monte Carlo, gave written consent to law enforcement to search the Chevrolet Monte Carlo. During the search of the Chevrolet Monte Carlo, law enforcement located a .45 caliber pistol under the front passenger's seat. During her taped interview, Charnika Johnson admitted to owning the Chevrolet Monte Carlo and that the car is in her name. Charnika Johnson also admitted that Jarvis Jackson has been in possession of the car the last couple of days. Charnika Johnson said that all of the property located in the vehicle would belong to Jarvis Jackson or others. Charnika Johnson said that the recovered gun did not belong to her.

(6) Your affiant's criminal history check on Jarvis Jackson revealed that he (Jarvis Jackson) had been previously convicted of felony offenses on or about April 17, 2003, in Circuit Court located in Palm Beach County, Florida. The felony offenses included Sale of Cocaine and Aggravated Assault, which are crimes punishable by a term of imprisonment exceeding one year.

(7) Your affiant was provided a description of the recovered firearm by Officer Jim Eddy. Officer Eddy had responded to the arrest scene of Jarvis Jackson and observed the recovered firearm. Officer Eddy described the firearm as a Kimber .45 caliber pistol, serial number KR45640. Your affiant consulted with ATF Special Agent Steve Barborini about the recovered firearm. Based on his extensive training in the manufacture and commerce of firearms, Special Agent Barborini agreed that the Kimber firearms are not manufactured in the State of Florida, and, therefore affect interstate commerce.

(8) Based on the foregoing, your affiant submits that there is probable cause that Jarvis Jackson did knowingly possess a firearm in and affecting interstate commerce after having previously been convicted of a crime punishable by a term of imprisonment exceeding one year, a violation of Title 18, United States Code, Section 922(g)(1).

FURTHER AFFIANT SAYETH NAUGHT.

_____
Hugh O'Connor Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me
this 14th day of April, 2007, at Stuart, Florida

_____
LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

## Bond Recommendation

Jarvis Jackson
Defendant

PRETRIAL DETENTION is recommended as to Defendant.

William T. Zloch
Assistant United States Attorney